UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERESA J. HORSLEY,                          Case No. 1:08-cv-811

    Plaintiff,                              Weber, J.
                                          Black, M.J.
vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security appeal brought pursuant to 42 U.S.C. § 405(g). At issue is whether the administrative law judge ("ALJ") erred in finding that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") (*See* Administrative Transcript ("Tr.") (Tr. at 22-33) (ALJ's decision)).

**I.**

Plaintiff filed an application for DIB on October 13, 2004, alleging a disability date of January 10, 2004, due to high blood pressure, diabetes, liver problems, and back pain. (Tr. 86). Her application was denied initially and on reconsideration. Plaintiff then requested a hearing *de novo* before an ALJ. Evidentiary hearings, at which Plaintiff was represented by counsel, were held on October 24, 2006, and February 15, 2007. (Tr. 490-537). John Williams testified at the hearings as a vocational expert.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

On June 7, 2007, the ALJ entered her decision denying Plaintiff's claim. Plaintiff appealed, and the Appeals Council remanded the case for further consideration. (Tr. 375-377.) In accordance with the Appeals Council's remand order, the ALJ held a supplemental administrative hearing on March 28, 2008, at which Plaintiff was represented by counsel. (Tr. 538-574). Dr. Parsons testified as a vocational expert.

On May 1, 2008, the ALJ issued her decision denying Plaintiff's claim. That decision stands as Defendant's final determination after denial of review by the Appeals Council. (Tr. 11-15).

The ALJ's "Findings," which represent the rationale of the decision, were as follows:

1. The claimant met the insured status requirements for disability insurance benefits on her alleged onset date of January 10, 2004, and continues to meet them through June 30, 2009.

2. There is no evidence that the claimant has engaged in any substantial gainful activity since her alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*).

3. The claimant has the following severe impairments: obesity and depressive disorder (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR 404.1520(d), 404.1525, 404.1526.

5. Careful consideration of the entire record shows that the claimant has the residual functional capacity to perform light work, as set forth [in the body of the decision].

6. The claimant is able to perform any past relevant work. (20 CFR

   404.1565).

7. The claimant was born on September 15, 1962, and was 41 years old on her alleged onset date and considered to be a younger individual. (20 CFR 404.1563).

8. The claimant has a high school education and is able to communicate in English. (20 CFR 404.1564).

9. Transferability of jobs skills is not material to the determination of disability because using Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable jobs skills. (*See* SSR 82-41 and 20 CFR 404 Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (20 CFR 404.1560(c), 404.1566).

11. The claimant has not been under a disability as defined in the Social Security Act from January 10, 2004 through the date of this decision. (20 CFR 404.1520(g)).

(Tr. 24-32).

In summary, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Regulations and was therefore not entitled to DIB.

On appeal, Plaintiff, *pro se*, maintains that: (1) the ALJ erred in failing to obtain testimony from a medical expert; (2) the ALJ erred in failing to give controlling weight to the opinion of Plaintiff's treating physician; (3) the ALJ erred in failing to consider Plaintiff's impairments in combination; (4) the ALJ erred in evaluating Plaintiff's pain, credibility, and subjective complaints; and (5) the ALJ erred in failing to find that Plaintiff's back pain, knee pain, diabetic neuropathy, carpal tunnel, headaches, edema of

3

lower legs, hypertension, and diabetes were severe impairments. Each argument will be addressed in turn.

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

Upon consideration of an application for disability benefits, the ALJ is guided by a sequential benefits analysis, which works as follows: At Step 1, the ALJ asks if the claimant is still performing substantial gainful activity; at Step 2, the ALJ determines if one or more of the claimant's impairments are "severe;" at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in

4

the Listing of Impairments; at Step 4, the ALJ determines whether or not the claimant can still perform his past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the ALJ – the ALJ determines, once it is established that the claimant can no longer perform her past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Gwizdala v. Commissioner of Soc. Sec.,* No. 98-1525, 1999 WL 777534, at *2 n.1 (6th Cir. Sept. 16, 1999) (per curiam).

The claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, she must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

## A.

For her first assignment of error, Plaintiff maintains that the ALJ erred in failing to obtain testimony from a medical expert. Plaintiff's assertion lacks merit.

As noted by the Commissioner, the Appeals Council already considered this very argument and rejected it. (Tr. 11-12). As the Appeals Council explained, its September 2007 order advised the ALJ to obtain psychological expert evidence only if necessary and available. (Tr. 12, 376). Simply stated: "The Appeals Council did not direct that this type of evidence was needed in this case." (Tr. 12).

**B.**

Plaintiff argues next that the ALJ should have given greater weight to the opinion of Dr. Quraishi, who limited Plaintiff to an extremely restricted range of sedentary work, such that the vocational expert testified would prevent an individual from performing full-time work. (Tr. 318- 322, 407-416).

An ALJ must give the opinion of a treating source controlling weight if he or she finds that the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). Deference is due, however, only when the physician supplies sufficient medical data to substantiate his diagnosis and opinion. *Giddings v. Richardson,* 480 F.2d 652, 656 (6th Cir. 1976). Mere diagnosis of a condition is not indicative of a disabling functional debilitation. *See Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 780 (6th Cir. 1987).

Contrary to Plaintiff's contention, the ALJ reasonably weighed the record physician opinions and was not required to grant controlling weight to Dr. Kang, Islam, or Quaraisi's opinion that Plaintiff was disabled. The opinion that an individual is unable to work is not entitled to any significant weight because that issue is reserved exclusively to the Commissioner. 20 C.F.R. § 404.1527(e)(1). Th doctors' conclusory statements about Plaintiff's employability were entitled to no weight, as that issue was reserved to the Commissioner. *See Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) ("[T]he ALJ

is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation.").

Accordingly, the ALJ properly weighed the opinions of the physicians.

**C.**

For her third and fifth assignments of error, Plaintiff maintains that the ALJ erred in failing to consider her impairments in combination and in failing to find that her back pain, knee pain, diabetic neuropathy, carpal tunnel, headaches, edema of lower legs, hypertension, and diabetes were severe impairments.

However, the ALJ considered and discussed the record evidence of Plaintiff's alleged physical and mental impairments. (Tr. 24-26). Further, the ALJ explicitly stated that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Tr. 26). *See Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 591-92 (6th Cir. 1987), *cert denied*, 484 U.S. 1075 (1988) (ALJ considered claimant's impairments in combination where the ALJ referred to "a combination of impairments" in finding that the claimant did not meet the requirements of a listed impairment and when the ALJ referred to the claimant's "impairments" in the plural).

Plaintiff suggests that the ALJ committed error by failing to find her back pain, knee pain, neuropathy, carpal tunnel syndrome, headaches, edema, and hypertension to be severe impairments. However, the ALJ properly found that Plaintiff had a combination of severe impairments at step two and proceeded through the remaining steps of the

7

sequential evaluation. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). As the Sixth Circuit recognized in *Maziarz*, the issue is not whether individual impairments are severe, but whether the ALJ considered the functional limitations resulting from all of Plaintiff's impairments, including those not found to be "severe," at the remaining steps of the sequential evaluation process. The ALJ specifically accommodated Plaintiff's complaints of pain by providing a restriction for six hours of sitting, and in limiting the amount of walking and postural activities performed. (Tr. 31).

An impairment (or combination of impairments) is "severe" for purposes of Step 2 if it significantly limits a plaintiff's physical or mental ability to do basic work activities. *See Burton v. Apfel*, No. 98-4198, 2000 WL 125853, at *3 (6th Cir. Jan. 24, 2000); *see also* 20 C.F.R. §§404.1520(c) (DIB), 416.920(c) (SSI). In the physical context, this means a significant limitation upon a plaintiff's ability to walk, stand, sit, lift, push, pull, reach, carry or handle. *See* 20 C.F.R. §§ 404.1521(b)(1) (DIB), 416.921(b)(1) (SSI). The burden of proving that an impairment is "severe" rests with the plaintiff, not with the Commissioner. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

Moreover, "[i]t is well settled that [a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 507-08 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)). Thus,

disability may be found under the Act only when there is a medically determinable impairment, and that impairment is expected to result in death, or causes an inability to work lasting at least 12 continuous months. 42 U.S.C. § 423(d)(1)(A), (2)(A); 20 C.F.R. §§ 404.1505(a), 404.1509. *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989) (district court cited evidence not discussed by Agency to find duration requirement not met).

Accordingly, the undersigned finds that the ALJ properly considered Plaintiff's impairments in combination and provided appropriate restrictions for her functional limitations.

## D.

Finally, Plaintiff claims that the ALJ erred in evaluating her pain, credibility, and subjective complaints. Plaintiff's assertions are unavailing.

It is within the discretion of the ALJ - who actually meets with and takes testimony from an individual plaintiff - to evaluate that plaintiff's credibility. As the Sixth Circuit has found: "[i]t is for the [Commissioner], not a reviewing court, to make credibility findings." *Felisky v. Bowen,* 35 F.3d 1027,1036 (6th Cir. 1994); *see also McGuire v. Comm'r of Soc. Sec.,* No. 98-1502, 1999 WL 196508, at *6 (6th Cir. Mar. 25, 1999) (*per curiam*) ("An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility"). Accordingly, the ALJ properly

9

considered his own observations in making the credibility finding. SSR 96-7p; *Buxton*, 246 F.3d at 773 ("The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints.").

As noted above, the issue is not whether the record could support a finding of disability, but rather whether the ALJ's decision is supported by substantial evidence. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The ALJ properly evaluated Plaintiff's allegations in accordance with controlling law, and he reasonably concluded that they were not fully credible. The ALJ's credibility finding is entitled to deference and thus should be affirmed. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) ("Upon review, we are to accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying.").

For the foregoing reasons, Plaintiff's assignments of error are without merit. The ALJ's decision is supported by substantial evidence and should be affirmed.

### IT IS THEREFORE RECOMMENDED THAT:

1. The decision of the Commissioner is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and should be **AFFIRMED.**

2. As no further matters remain pending for the Court's review, this case should be **CLOSED.**

Date: February 25, 2010           s/ Timothy S. Black
                                  Timothy S. Black
                                  United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERESA J. HORSLEY,　　　　　　　　　　Case No. 1:08-cv-811

　　　Plaintiff,　　　　　　　　　　　　　　Weber, J.
　　　　　　　　　　　　　　　　　　　　　Black, M.J.
vs.

COMMISSIONER OF SOCIAL SECURITY,

　　　Defendant.


**NOTICE**

Attached hereto is the Report and Recommended Decision of the Honorable Timothy S. Black, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).